1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-4382-CRB
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾   )
    This document relates to           )
21                                     )  **PFIZER INC., PHARMACIA**
    HELEN ALEXANDER, LAUVENIA BRAY, and)  **CORPORATION, AND G.D.**
22  ROBIN STUYVERSON,                  )  **SEARLE, LLC'S ANSWER TO**
                                       )  **COMPLAINT**
23              Plaintiffs,            )
                                       )  **JURY DEMAND ENDORSED**
24          vs.                        )  **HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION,)
    G.D. SEARLE LLC, and MONSANTO       )
26  COMPANY,                            )
                                        )
27              Defendants.             )
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant. Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Bextra®. Given that Plaintiffs allege in the Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 7, Defendants assume Plaintiffs mean to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.       Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Bextra®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that the response to this paragraph of the Complaint regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Complaint referring to Monsanto and/or Defendants.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

8.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

### Response to Allegations Regarding Jurisdiction and Venue

9.    Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of Montana, South Carolina, Florida, or California and deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California and Louisiana, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

13.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations this paragraph of the Complaint.

16.    Defendants state that Bextra® was and is safe and effective when used in accordance

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required. To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to

form a belief as to the truth of such allegations and, therefore, deny the same.

21.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24.    Plaintiffs do not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

25.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

26.     Defendants admit that Bextra® was approved by the FDA on November 16, 2001. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

30.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

31.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November 16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this paragraph of the Complaint.

33.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

34.     Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to characterize the Talk Paper is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

36.     Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint. Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

38.     The allegations in this paragraph of the Complaint are not directed towards Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

45.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

47.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants deny the allegations in this paragraph of the Complaint.

50.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

51.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

54.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

58.     Defendants deny the allegations in this paragraph of the Complaint.

59.     Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

60.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

68.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

69.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

72.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

78.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

79.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

80.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

81.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

allegations in this paragraph of the Complaint.

82.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

83.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

85.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

94.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

97.     Defendants deny the allegations in this paragraph of the Complaint.

98.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

104.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

105.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

114.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

115.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

117.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

128. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Sixth Cause of Action: Unjust Enrichment

129. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

130. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

131. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

132. Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.      Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.      If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

1

### Eighth Defense

2

8.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

3

omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

4

part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

5

liable in any way.

6

### Ninth Defense

7

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent,

8

intervening causes for which Defendants cannot be liable.

9

### Tenth Defense

10

10.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were

11

proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

12

of God.

13

### Eleventh Defense

14

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

15

### Twelfth Defense

16

12.     A manufacturer has no duty to warn patients or the general public of any risk,

17

contraindication, or adverse effect associated with the use of a prescription medical product.

18

Rather, the law requires that all such warnings and appropriate information be given to the

19

prescribing physician and the medical profession, which act as a "learned intermediary" in

20

determining the use of the product.  Bextra® is a prescription medical product, available only

21

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs'

22

treating and prescribing physicians.

23

### Thirteenth Defense

24

13.     The product at issue was not in a defective condition or unreasonably dangerous at the

25

time it left the control of the manufacturer or seller.

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-first Defense

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.     Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the States of Montana, South Carolina, Florida, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiffs' punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Montana, South Carolina, Florida, and California.    Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Any claims for breach of warranty are barred for lack of reasonable reliance, lack of timely notice, lack of privity, and because the alleged warranties were excluded and/or disclaimed.

### Fifty-ninth Defense

59.    Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Sixtieth Defense

60.     Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### Sixty-first Defense

61.     Plaintiffs' claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### Sixty-second Defense

62.     Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Sixty-third Defense

63.     Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### Sixty-fourth Defense

64.     Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-fifth Defense

65.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

### Sixty-sixth Defense

66.    The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

### Sixty-seventh Defense

67.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or otherwise.

### Sixty-eighth Defense

68.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

October 11, 2007                                      GORDON & REES LLP


                                                     By: _____/s/_____

                                                         Stuart M. Gordon
                                                         sgordon@gordonrees.com
                                                         Embarcadero Center West
                                                         275 Battery Street, 20th Floor
                                                         San Francisco, CA 94111
                                                         Telephone:  (415) 986-5900
                                                         Fax:  (415) 986-8054


October 11, 2007                                      TUCKER ELLIS & WEST LLP


                                                     By: _____/s/_____

                                                         Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
                                                         515 South Flower Street, Suite 4200
                                                         Los Angeles, CA  90071-2223
                                                         Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409

                                                         Attorneys for Defendants
                                                         PFIZER INC., PHARMACIA
                                                         CORPORATION, AND G.D. SEARLE
                                                         LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

October 11, 2007                          GORDON & REES LLP


                                          By: _____/s/_____

                                              Stuart M. Gordon
                                              sgordon@gordonrees.com
                                              Embarcadero Center West
                                              275 Battery Street, 20th Floor
                                              San Francisco, CA  94111
                                              Telephone:  (415) 986-5900
                                              Fax:  (415) 986-8054

October 11, 2007                          TUCKER ELLIS & WEST LLP


                                          By:_____/s/_____
                                              Michael C. Zellers
                                              michael.zellers@tuckerellis.com
                                              515 South Flower Street, Suite 4200
                                              Los Angeles, CA 90071-2223
                                              Telephone:  (213) 430-3400
                                              Fax:  (213) 430-3409

                                              Attorneys for Defendants
                                              PFIZER INC., PHARMACIA
                                              CORPORATION, AND G.D. SEARLE
                                              LLC